UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK,
SUCCESSOR IN INTEREST TO
JPMORGAN CHASE BANK, N.A., AS
TRUSTEE FOR BEAR STEARNS ASSET
BACKED SECURITIES TRUST 2005-
SD4, MORTGAGE PASS-THROUGH
CERTIFCATES, SERIES 2005-SD4,

    Plaintiff,

v.

MICHAEL GOUDA A/K/A MICHAEL
N. GOUDA, SURVIVING SPOUSE OF
KATHRYN GOUDA A/K/A KATHRYN
E. GOUDA, DECEASED, COMERICA
BANK; TRUIST F/K/A BRANCH
BANKING AND TRUST COMPANY;
COMERICA BANK; GREENSPOON
MARDER, P.A.; CITY OF WINTER
PARK, FLORIDA; UNKNOWN
TENANT NO. 1; and UNKNOWN
TENANT NO. 2.

    Defendants.

CASE NO:   6:23-cv-2246

## COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2005-SD4, Mortgage Pass-Through Certificates Series 2005-SD4. ("**BONY**" and/or "**Plaintiff**"), sues Defendants, Michael Gouda a/k/a Michael N. Gouda, surviving spouse of Kathryn Gouda a/k/a

Kathryn E. Gouda, Deceased (the "**Goudas**" and/or "**Defendants**"), Comerica Bank ("**Comerica**"), Truist f/k/a Branch Banking and Trust ("**Truist**"); Greenspoon Marder, P.A. ("**Greenspoon**"); City of Winter Park, Florida ("**Winter Park**"); Unknown Tenant No. 1 in Possession of the Subject Property, and Unknown Tenant No. 2 in Possession of the Subject Property (collectively, the "**Defendants**"), and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1.  This is an action to foreclose on real property located in Orange County, Florida, and for damages arising out of claims for breach of note. The Plaintiff and Defendants are of different states and the amount at issue exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

2.  BONY is a national banking association, with its headquarters and principal place of business in New York, New York.

3.  The Goudas are individuals who reside in and are domiciled in Orange County, Florida.

4.  Truist is a North Carolina banking corporation with its headquarters and principal place of business in Charlotte, North Carolina.

5.  Comerica is a Texas banking corporation with its headquarters and principal place of business in Dallas, Texas.

6.  Greenspoon Marder, P.A., is a Florida law firm with its headquarters and principal place of business in Palm Beach County, Florida.

7.    The City of Winter Park, Florida, is a municipality located and domiciled in Winter Park, Orange County, Florida.

8.    Unknown Tenant No. 1 is an individual who resides in and is domiciled in Orange County, Florida.

9.    Unknown Tenant No. 2 is an individual who resides in and is domiciled in Orange County, Florida.

10.    The real property that is the subject of this action is located in Orange County, Florida.

11.    This Court possesses jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

12.    Venue in the Middle District of Florida accords with 28 U.S.C. § 1391 because the real property that is the subject of this action is located in the Middle District of Florida and because the Goudas reside in and are domiciled in the Middle District of Florida.

13.    Every condition precedent to this action was either performed, waived, or excused.

**<u>GENERAL ALLEGATIONS</u>**

14.    On May 6, 2003, the Goudas executed and delivered to Wells Fargo Home Mortgage, Inc., ("**Wells Fargo**") a promissory note (the "**Note**") in the original principal amount of Two Million, Five-Hundred Thousand Dollars

($2,500,000.00) (the "**Loan**").  A true and correct copy of the Note is attached as **Exhibit A**.

15.    The Note is secured by a Mortgage (the "**Mortgage**") dated May 6, 2003, encumbering the real property described as (the "**Property**"):

```
Lots 7 and 8, Block B, OSCEOLA COURT, according to the Plat
thereof as recorded in Plat Book K, Page 108, Public Records of
ORANGE County, Florida, LESS the South 12 feet of Lot 8, Block
B, being a strip of land 12 feet wide and 111 feet long
adjoining the North boundary of Lot 6, Block B, of said
subdivision, ALSO all that certain tract, lot, piece or parcel
of land lying and being situated between Lake Osceola and the
Northern boundary of Lots 7 and 8, Block B, OSCEOLA COURT, as
per Plat thereof recorded in Plat Book K, Page 108, Public
Records of ORANGE County, Florida, the Eastern and Western
boundaries of the above described property being delineated by
a protraction of the Eastern boundary of Lot 8 to its
intersection with Lake Osceola, and by a protraction of the
Western boundary of Lot 7, to its intersection with said Lake
Osceola, both of said protractions being due North and in the
same direction as the said boundary of the said Lots as shown
according to the Plat aforesaid.
```

**110 Osceola Court, Winter Park, Florida 32789**

The Mortgage was recorded on May 12, 2003, in the Official Records of Orange County, Florida in Book 06907, at Page 3610.  A true and correct copy of the Mortgage is attached as **Exhibit B**.

16.    On May 27, 2005, the Goudas entered into a Modification Agreement ("**Modification**"). The Modification was recorded in the Official Records of Orange County, Florida in Book 08445, at Page 3506. A true and correct copy of the Modification is attached hereto as **Exhibit C**.

17.    The Note, Mortgage, and Modification shall be collectively referred to herein as the "**Loan Documents**".

18.    The Goudas own the Property.

-4-

19.    BONY holds the Loan Documents, including the Original Note and Original Allonge, which is specifically endorsed to BONY. A Certification of Possession of Original Promissory Note and Allonge is attached hereto as **Exhibit D**.

20.    Specialized Loan Servicing ("**SLS**") is the mortgage servicer that is currently servicing the Goudas' Note and Mortgage and has authority to act on behalf of BONY through a Limited Power of Attorney. A true and correct copy of the Limited Power of Attorney is attached hereto as **Exhibit E**.

21.    The Goudas defaulted under the terms of the Loan Documents by, among other things, failing to remit the payment due on September 1, 2011, and all subsequent payments.

22.    As a result of the Goudas' default under the Loan Documents, on February 22, 2023, BONY, through its mortgage servicer SLS, sent the Goudas written notices of the default and provided an opportunity to cure the default (the "**Default Notices**").  A true and correct copy of the Default Notices are attached as **Composite Exhibit F**.

23.    The Goudas failed to cure the default within the deadline stated in the Default Notices.

24.    Because of the default, BONY has elected to accelerate all amounts due under the Loan Documents.

25. Exclusive of accrued interest, late fees and other charges allowed per the Loan Documents, as of May 31, 2023, the Goudas owe BONY Two Million Five-Hundred Thousand Dollars ($2,500,000.00) in principal under the loan.

26. BONY retained the undersigned counsel to prosecute this action and became obligated to pay reasonable attorney's fees, which fees are recoverable from the Goudas under the Loan Documents.

## COUNT I - FORECLOSURE OF MORTGAGE

27. The Loan Documents are in default for the Goudas failure to pay the September 1, 2011 payment, and the payments due each month thereafter.

28. All amounts due thereunder are accelerated and are presently due and owing to BONY.

29. BONY's rights in the Loan Documents are superior to any other claim or lien against the property.

30. Comerica may claim or have some interest in or lien or claim upon the Property by virtue of a junior mortgage recorded in Book 8190, at Page 979 of the Official Records of Orange County, Florida. But any such interest, lien or claim is junior, inferior and subordinate to the lien of BONY's Mortgage.

31. Truist may claim or have some interest in or lien or claim upon the Property by virtue of a Final Deficiency Judgment recorded in Book 10327, at Page 5362 of the Official Records of Orange County, Florida. But any such interest, lien or claim is junior, inferior and subordinate to the lien of BONY's Mortgage.

32.     Greenspoon may claim or have some interest in or lien or claim upon the Property by virtue of a Notice of Attorney's Charging Lien recorded in Book 10370, at Page 3828 of the Official Records of Orange County, Florida. But any such interest, lien or claim is junior, inferior and subordinate to the lien of BONY's Mortgage.

33.     Winter Park may claim or have some interest in or lien or claim upon the Property by virtue of a Notice of Lien recorded in Book 10694, at Page 8772 of the Official Records of Orange County, Florida. But any such interest, lien or claim is junior, inferior and subordinate to the lien of BONY's Mortgage.

34.     Unknown Tenant No. 1 in Possession of the Subject Property and Unknown Tenant No. 2 in Possession of the Subject Property may claim or have some interest in or lien or claim upon the Property by virtue of an unrecorded lease and/or their status as tenant in possession of the Property, but any such interest, lien or claim is junior, inferior and subordinate to the lien of BONY's Mortgage.

**WHEREFORE**, Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2005-SD4, Mortgage Pass-Through Certificates Series 2005-SD4, demands judgment in its favor and against all Defendants as follows:

(a) awarding a judgment in favor of BONY for all sums owed to BONY under the Loan Documents, including all costs and reasonable attorneys' fees;

(b)   determining that BONY holds a lien on the Property for the total sum of the debt claimed under the Loan Documents, which lien is superior to any claim or interest of all Defendants and all persons claiming by, through, under or against this Defendants since the filing of the Notice of Lis Pendens;

(c)   directing that if the sum determined owed to BONY is not paid within the time set by this Court, that the Property be sold to satisfy BONY's claims;

(d)   foreclosing the Mortgage and the interest of all Defendants and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens;

(e)   awarding in the event the proceeds from the foreclosure sale are insufficient, a deficiency judgment against any Defendant responsible therefore; and

(f)   directing such other and further relief as this Court deems just and appropriate, including, without limitation, rights of possession.

## COUNT II – REFORMATION OF MODIFICATION AGREEMENT

35.   This is an action to reform the Modification, a copy of which is attached hereto as Exhibit C. This is an equitable action with no adequate remedy at law.

36.   The Goudas executed and delivered the Note in the original principal amount of $2,500,000.00.

37.    Securing payment of the Note, the Goudas executed and delivered a Mortgage, which was recorded in the Public Records for Orange County, Florida.

38.    The Goudas subsequently executed and delivered the Modification, which was recorded on January 25, 2006, in Official Records Book 08445, at Page 3506, in the Public Records for Orange County, Florida.

39.    At the time of the execution and recording of the Modification, the agreement omitted the date and principal balance of the Note and the date and recording information for the Mortgage. The agreement further identified the original Lender to the Note as Wells Fargo Bank, N.A., which was the successor by merger to Wells Fargo Home Mortgage, Inc., the Lender identified within the Note. These omissions and reference to Wells Fargo Bank, N.A. are clerical errors. The "Recitals" section of the Modification was intended to read containing the following corrected and underlined portions:

Reference is hereby made to that one certain Promissory Note (the "Note") dated May 6, 2003, in the original principal sum of $2,500,000.00 executed by MICHAEL N. GOUDA AND KATHRYN GOUDA, Husband and Wife (herein referred to as "borrower" whether one or more), payable to the order of WELLS FARGO HOME MORTGAGE, INC., ("Lender"), and said Note being secured by, among other instruments, that certain Deed of Trust, Mortgage or Security Deed (the "Security Instrument") of even date therewith duly recorded May 12, 2003, in the Real Property Records of Orange

County, Florida, the above said instruments concerning encumbering and creating liens against the following described property (the "Property), to wit:

40. Due to inadvertence, excusable neglect, and a scrivener's error, the Modification does not reflect the true intentions of the parties in the "Recitals" section.

41. BONY is the holder of the Note, and is entitled to enforce the terms thereof because BONY is in the possession of the Original Note with an Original Allonge specifically endorsed to BONY.

42. Likewise, BONY is entitled to enforce the Modification.

43. The Goudas are the current owners of the real property which is the subject of the Mortgage and Modification.

35. A default exists under the Note, Mortgage, and Modification as a result of the Goudas' failure to pay the September 1, 2011 payment, and the payments due each month thereafter.

44. BONY is due the sum of $2,500,000.00, in principal under the Note, Mortgage and Modification, plus interest, together with all sums that may be due for taxes, insurance, escrow advances, corporate advances, attorneys fees, and other costs authorized by the Loan Documents, and as may be allowed by the Court.

45.     Equity requires that the Court reform the Modification to reflect the intention of the parties and include the omitted language, and correct the scrivener's error, in the "Recitals" section in the Modification.

**WHEREFORE**, Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2005-SD4, Mortgage Pass-Through Certificates Series 2005-SD, respectfully requests that this Court enter judgment reforming the Modification Agreement to correct the scrivener's error, and omission, and reflect the true intention of the parties, and award any other relief deemed necessary and proper.

## COUNT III - BREACH OF NOTE

35.     The Goudas defaulted under the Note by failing to pay the September 1, 2011 payment, and the payments due each month thereafter.

36.     The Goudas now owe BONY the full amount of principal due under the Note of Two Million Five-Hundred Thousand Dollars ($2,500,000.00), plus accrued interest, default interest late fees, processing fees, attorneys' fees and other expenses due.

**WHEREFORE**, Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2005-SD4, Mortgage Pass-Through Certificates Series 2005-SD4, demands judgment against Defendants, the Goudas, for all amounts due under the Note, together with accrued

interest thereon, default interest, late charges, processing fees, title search expenses, court costs, advances, attorneys' fees, and all other amounts recoverable from the Goudas under the Loan Documents.

/s/ J. Kirby McDonough
J. Kirby McDonough
Florida Bar No. 79031
SPENCER FANE, LLP
201 N. Franklin St. Ste 2150
Tampa, FL 33602
Phone: 813-424-3501
kmcdonough@spencerfane.com
Counsel for Plaintiff

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this _10/04/2023_

By: _____Nicholas J. Raab_____

Its: _____Assistant Vice President_____

-12-