# Exhibit A

Loan Number: ████3682

## PROMISSORY NOTE

$ 2,500,000.00      2016-CA-4101      **MAY 6, 2003**

FOR VALUE RECEIVED, **MICHAEL GOUDA** and **KATHRYN GOUDA, HUSBAND AND WIFE** , (hereinafter referred to as "Maker"), promises to pay to the order of **WELLS FARGO HOME MORTGAGE, INC.** (hereinafter referred to as "Payee"), at its offices at **100 SOUTH FIFTH STREET, SUITE 2000, MINNEAPOLIS, MINNESOTA 55402**, or at such other place as Payee may designate in writing, the principal sum of **TWO MILLION FIVE HUNDRED THOUSAND AND 00/100ths DOLLARS ($2,500,000.00)**, or so much thereof as may be advanced, together with interest from the date hereof on the principal balance from time to time remaining unpaid, prior to default or maturity at:

☐     _____ Percent (_____%) per annum

or

☒     a per annum floating rate equal to the lesser of: (a) **ZERO** percent **(0.00%)** plus the Prime Commercial Lending Rate (as hereinafter defined) as such rate exists daily (the "Applicable Rate"), or (b) the maximum non-usurious rate allowed under applicable law (the "Maximum Rate"). The Applicable Rate shall change as and when said Prime Commercial Lending Rate changes. In the event the Applicable Rate exceeds the Maximum Rate, and to the extent permitted by law, the rate of interest shall be limited to the Maximum Rate; provided, however, that any subsequent reductions in the Applicable Rate below the Maximum Rate shall not reduce the rate of interest charged hereon below the Maximum Rate until the amount of interest actually paid at the Maximum Rate equals the amount of interest that would have accrued had the Applicable Rate been in effect at all times.

**"Prime Commercial Lending Rate" shall mean the base interest rate on corporate loans posted by at least 75% of the thirty largest U.S. banks as reported daily in The Wall Street Journal, New York edition.**

**Notwithstanding the foregoing, if such base interest rate ceases to be announced or published by The Wall Street Journal, then, in such event, Payee shall select an alternate but similar index and advise Maker in writing of such selection.**

Loan Number: ▮▮▮3682

Interest on the outstanding principal balance shall accrue and be calculated on a **360** day annual basis that computes a daily amount of interest for a **360** day year, then multiplies such amount by the actual number of days in each interest calculation period.

Prior to default or maturity, interest on the unpaid principal balance shall be due and payable in monthly installments, with the first installment of accrued interest on the unpaid principal balance being due and payable on or before **JUNE 1, 2003** and with subsequent installments of accrued interest on the unpaid principal balance being due and payable on or before the same day of each succeeding calendar month thereafter. The principal of this Note and the accrued but unpaid interest thereon shall be due and payable in full on or before **NOVEMBER 6, 2004**.

All amounts due and payable hereunder shall be paid in lawful money of the United States of America.

This Note may be prepaid in whole or in part at any time or from time to time without premium or penalty. Any such prepayment shall first be applied to any accrued interest due hereon and then to the outstanding principal balance in the inverse order of its maturity.

This Note is secured by and entitled to the benefits of a certain Deed of Trust, Mortgage or Security Deed (the "Security Instrument") of even date herewith, executed by Maker, covering the real property described on Exhibit "A" attached hereto, to which Security Instrument and any and all supplements thereto reference is hereby made for a more complete description of the properties mortgaged, pledged, conveyed and assigned, the nature and extent of the security and the rights of Payee and the rights and obligations of the Trustee under such Security Instrument in respect to such properties.

If all or any part of the amount of this Note be declared due in accordance with the provisions hereof, or if any installment of principal or interest provided for is not paid in full when due, such matured amount or such defaulted installment, as the case may be, shall bear interest at the lesser of (i) eighteen percent (18%) per annum or (ii) the Maximum Rate until paid in full or until this Note is reinstated or renewed and extended. Acceptance by Payee of any payment in an amount less than the amount then due on this Note shall, unless Payee expressly agrees otherwise in writing, be deemed an acceptance on account only, and shall not cure any default existing by reason of failure to pay the full amount then due or preclude the exercise of any remedy of Payee, including, but not limited to, acceleration of any unmatured principal hereof or foreclosure on any security.

In the event a default shall have happened, Payee may offset against this Note any sums owed by Payee to Maker or any guarantor, and/or may proceed to protect and enforce its rights either by suit in equity and/or by action at law, or by other appropriate proceedings, whether for the specific performance of any covenant or agreement contained in this Note or in any documents executed in connection herewith, or in aid of the exercise of any power or right granted by this Note or to enforce any other legal or equitable right of Payee.

Loan Number: ████3682

Except as otherwise provided herein, the Maker and all sureties, guarantors and endorsers of this Note severally waive all notices, demands, presentments for payment, notices of non-payment, notices of intention to accelerate the maturity, notices of dishonor, protest and notice of protest, diligence in collecting or bringing suit as to this Note and as to each, every and all installments hereof and all obligations hereunder and against any party hereto and to the application of any payment on this obligation, or as an offset hereto, and agree to all extensions, renewals, partial payments, substitutions or evidence of indebtedness and the taking, release or substitution of all or any part of the above described security or the release of any party liable hereon with or without notice before or after maturity.

It is expressly provided that upon default in the punctual payment of this Note or any part or installment hereof, principal or interest, as the same shall become due and payable, or in the performance of any warranty, covenant or agreement, or other default under the terms of the Security Instrument of even date given as security for the payment hereof, or under any other instrument granted to secure payment hereof or executed in connection herewith, Payee may declare the then unpaid principal balance and accrued interest thereon immediately due and payable without notice; failure to accelerate shall not constitute a waiver on the part of Payee of the right to exercise the same at any other time.

It is the intention of the parties hereto to comply with the usury laws applicable to this Note; accordingly, it is agreed that notwithstanding any provision to the contrary in this Note, in the Security Instrument or in any other documents securing payment hereof or executed in connection herewith no such provision shall require the payment or permit the collection of interest in excess of the maximum permitted by applicable law in any contingency, whether by reason of demand for payment or acceleration of the maturity hereof or otherwise. If, from any circumstance whatsoever, any excess interest is provided for, contracted for, charged or received or adjudicated to be provided for, contracted for, charged or received, then the provisions of this paragraph shall govern and control and neither the Maker hereof nor any other party liable for the payment hereof shall be obligated to pay the amount of such excess interest and the interest payable to Payee shall be reduced to the maximum amount permitted by applicable law. Any such excess interest which may have been collected shall be, at the Payee's option, either applied as a credit against the then unpaid principal amount hereof, and not to the payment of interest, or refunded to Maker. The effective rate of interest shall be automatically subject to reduction to the maximum lawful rate allowed under applicable law as now or hereafter construed. It is further agreed that without limitation of the foregoing, all calculations of the rate of interest provided for, contracted for, charged or received under this Note which are made for the purposes of determining whether such rate exceeds the maximum lawful rate, shall be made, to the extent permitted by law, by amortizing, prorating, allocating and spreading in equal parts during the full stated term of this Note (including the period of any renewal or extension hereof), all interest provided for, contracted for, charged or received from the Maker or otherwise by Payee.

In the event this Note is placed in the hands of an attorney for collection (whether or not suit is filed), or in the event it is collected by suit or through bankruptcy, probate, receivership or other legal proceedings (including foreclosure), the Maker hereby agrees to pay, in addition to the principal and interest due hereon, any and all reasonable costs of collection and/or suit, which may be incurred by Payee, including but not being limited to reasonable attorneys' fees.

Loan Number: ■■■■3682

This Note is executed and delivered pursuant to and is entitled to the benefits of the terms and conditions set forth in that certain Construction Loan Agreement of even date herewith by and between Maker and Payee.

All payments of principal of this Note shall be applied first to that portion hereof, if any, not secured to Payee by a first and prior lien.

Any check, draft, money order or other instrument given in payment of all or any portion hereof may be accepted by Payee and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of Payee except to the extent that actual cash proceeds of such instrument are unconditionally received by Payee.

All of the covenants, stipulations, promises and agreements in this Note on behalf of Maker shall bind Maker's successors and assigns, whether so expressed or not. Any reference to Payee herein shall, where applicable, include any future holder hereof.

MAKER:

Borrower  **MICHAEL GOUDA**

Borrower  **KATHRYN GOUDA**

Borrower

Borrower

Borrower

Borrower

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK N.A.

BY:

SANDRA R. AHMAD
VICE PRESIDENT

JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES TRUST 2005-SD4, ASSET BACKED CERTIFICATES, SERIES TRUST 2005-SD4

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK N.A.
Successor by merger to Wells Fargo Home Mortgage, Inc.

BY:

SANDRA R. AHMAD
VICE PRESIDENT

## ALLONGE TO NOTE

This Allonge makes reference to the following Note:

| | |
|---|---|
| Borrower: | Michael Gouda, Kathryn Gouda |
| SLS Loan Number | ███ 5296 |
| Investor Account Number: | ██ 4611 |
| Property Address: | 110 Osceola Court Winter Park, FL 32789 |

Note Date:  05/06/2003

Note Amount:       $ 2,500,000.00

Therefore, in reference to the caption note, the following applies:

Pay to the order of:
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK,
SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE
FOR BEAR STEARNS ASSET BACKED SECURITIES TRUST 2005-SD4,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-SD4

Without Recourse
JPMORGAN CHASE BANK N.A. F/K/A JPMORGAN CHASE BANK, N.A., AS
TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED
SECURITIES TRUST 2005-SD4, ASSET BACKED CERTIFICATES, SERIES TRUST
2005-SD4

By:
Name:
Title:

KATHY TYLER
Vice President