UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE BANK OF NEW YORK
MELLON,

    Plaintiff,

v.                                                                    Case No: 6:23-cv-2246-JSS-LHP

MICHAEL GOUDA, COMERICA
BANK, TRUIST, GREENSPOON
MARDER, P.A., and CITY OF
WINTER PARK, FLORIDA,

    Defendants.
_____/

## ORDER

Plaintiff, The Bank of New York Mellon, has filed a notice purporting to dismiss a count against Defendant Michael Gouda without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Dkt. 46.) Gouda has filed a motion to quash service and to dismiss the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(5). (Dkt. 58.) Plaintiff opposes Gouda's motion and requests an award of legal fees. (Dkt. 61.) The magistrate judge recommends that the court construe Plaintiff's purported notice as a motion to amend the complaint and grant the construed motion, deny Gouda's motion and order Gouda to answer the complaint, and deny Plaintiff's request for legal fees. (Dkt. 72.) Gouda objects to the recommendation, (Dkt. 73), and Plaintiff responds to Gouda's objections, (Dkt. 76). Plaintiff does not object to the recommendation. (*See id.*)

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72.  With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020).  For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed.").  Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).  Upon conducting a careful and complete review of the Magistrate Judge's findings, conclusions, and recommendations, and giving de novo review to matters of law, the court overrules Gouda's objections and adopts the recommendation.

## BACKGROUND

Plaintiff sues to foreclose on Gouda's property.  (Dkt. 1.)  Plaintiff alleges that in May 2003, Gouda signed and delivered to non-party Wells Fargo Home Mortgage,

Inc. a promissory note for $2.5 million secured by a mortgage on the property. (*Id.* at 3–4; *see* Dkts. 1-2, 1-3.) Two years later, Plaintiff claims, Gouda entered into a modification pursuant to an agreement containing clerical errors. (Dkt. 1 at 4, 9–10; *see* Dkt. 1-4.) Plaintiff allegedly holds the note, mortgage, and modification (collectively, the loan documents). (Dkt. 1 at 4–5; *see* Dkt. 1-5.) Plaintiff asserts that Gouda "defaulted . . . by . . . failing to remit the payment due on September 1, 2011, and all subsequent payments" and that he "failed to cure the default" despite Plaintiff's written notices informing him of his opportunity to cure. (Dkt. 1 at 5; Dkt. 1-7.)

On November 20, 2023, Plaintiff initiated this action against Defendants (and other parties who have since been terminated) by filing a verified complaint (Dkt. 1) and a notice of lis pendens (Dkt. 2). The complaint contains three counts: foreclosure of mortgage (count I), reformation of modification agreement (count II), and breach of note (count III). (Dkt. 1 at 6–12.) In Count I's ad damnum clause, Plaintiff "demands judgment in its favor and against all Defendants" and requests six outcomes: (1) "awarding a judgment in favor of [Plaintiff] for all sums owed to [Plaintiff] under the [l]oan [d]ocuments, including all costs and reasonable attorney[] fees"; (2) "determining that [Plaintiff] holds a lien on the [p]roperty for the total sum of the debt claimed under the [l]oan [d]ocuments, which lien is superior to any claim or interest of all Defendants and all persons claiming by, through, under[,] or against th[ese] Defendants since the filing of the [n]otice of [l]is [p]endens"; (3) "directing that if the sum determined owed to [Plaintiff] is not paid within the time set by th[e] [c]ourt, . . . the [p]roperty be sold to satisfy [Plaintiff]'s claims"; (4) "foreclosing the

[m]ortgage and the interest of all Defendants and all persons claiming under or against Defendants since the filing of the [n]otice of [l]is [p]endens"; (5) "awarding[,] in the event the proceeds from the foreclosure sale are insufficient, a deficiency judgment against any Defendant responsible therefore"; and (6) "directing such other and further relief as th[e] [c]ourt deems just and appropriate, including, without limitation, rights of possession." (*Id.* at 7–8.) In Count II's ad damnum clause, Plaintiff "respectfully requests that th[e] [c]ourt enter judgment reforming the [m]odification [a]greement to correct" the agreement's clerical errors so the agreement "reflect[s] the true intention of the parties" and that the court "award any other relief deemed necessary and proper." (*Id.* at 11.) In Count III's ad damnum clause, Plaintiff "demands judgment against [Gouda] for all amounts due under the [n]ote, together with accrued interest thereon, default interest, late charges, processing fees, title search expenses, court costs, advances, attorney[] fees, and all other amounts recoverable from [Gouda] under the [l]oan [d]ocuments." (*Id.* at 11–12.)

In April 2024, Plaintiff filed an unopposed motion for alternative service of process by publication on Gouda, asserting: "Gouda is the only defendant who has not been served in this action. Plaintiff has made good faith efforts and has been diligent in its effort to effectuate service of process on . . . Gouda, to no avail. Service . . . has been delayed due to the evasion of service by . . . Gouda." (Dkt. 33 at 2.) The magistrate judge denied the motion without prejudice and noted that "Florida law does not allow service by publication where the plaintiff is bringing an in personam action for damages." (Dkt. 45 at 4 (quoting *Deutsche Bank Nat'l Tr. Co. v. Taylor*, No.

- 4 -

22-cv-60133, 2022 U.S. Dist. LEXIS 62841, at *3 (S.D. Fla. Apr. 4, 2022)).) In response, Plaintiff filed the instant notice purporting to dismiss Count III (Dkt. 46) and renewed its motion for alternative service (Dkt. 47). The magistrate judge again denied the motion without prejudice, explaining: "[W]hile it appears that Plaintiff has now abandoned its claim for monetary damages, the motion fails to comply with the requirements of Florida law for purposes of service by publication." (Dkt. 48 at 2.) Plaintiff then filed another motion for alternative service (Dkt. 49), which the magistrate judge granted after determining that Plaintiff had "strictly complied with applicable Florida law," (Dkt. 50 at 6). On Plaintiff's motion (Dkt. 53), the magistrate judge directed the Clerk of the Court to execute a notice of action (Dkt. 53-1) informing Gouda of this case, requiring him to answer the complaint by October 11, 2024, and cautioning him that his failure to answer would result in entry of his default. (Dkt. 54.) On September 9, 2024, the Clerk executed the notice of action. (Dkt. 55.) About two weeks later, Plaintiff filed proof that the executed notice of action had appeared in the September 13 and 20, 2024 print issues of a weekly newspaper and on the newspaper's public website. (Dkt. 56.)

In October 2024, in lieu of submitting an answer, Gouda filed the instant motion to quash service and to dismiss the complaint for insufficient service of process. (Dkt. 58.) In the motion, Gouda makes three arguments. (*Id.* at 3–11.) First, he claims that the evidence Plaintiff submitted from its process servers and attorney in support of its motions for alternative service do not show that Plaintiff was diligent in attempting personal service on Gouda or that Gouda was evading service. (*Id.* at 3, 5, 9–11.) As

to Plaintiff's lack of diligence, Gouda states that the evidence does not reflect "any attempts to contact" his former counsel. (*Id.* at 5.) Second, according to Gouda, Plaintiff should have been required to file an amended complaint without a request for money damages before alternative service was permitted. (*Id.* at 10–11 (citing *Deutsche Bank*, 2022 U.S. Dist. LEXIS 62841, at *5).). He contends:

> Because the [n]otice of [a]ction demands that [Gouda] 'file and serve an answer' or suffer a 'default being entered against [him] for the relief demanded in the [c]omplaint,' [he] is being improperly required to respond to an in personam action for damages through service by publication in violation of . . . well-settled Florida law.

(*Id.* at 7.) Third, Gouda maintains that the notice of action also "diverges significantly from" Florida law by requiring him to file an answer instead of written defenses. (*Id.* at 6–7, 11.)

In opposing Gouda's first argument, Plaintiff points to the "numerous service attempts, over many months, to contact [him], and additional research conducted to assist in service," that are reflected in statements from Plaintiff's process servers and attorney. (Dkt. 61 at 6–7; *see, e.g.*, Dkt. 49-2.) Plaintiff also notes that Gouda's former counsel "was suspended by the Florida Bar prior to the initiation of this action." (Dkt. 61 at 7.) *See Fla. Bar v. Jacobs*, 370 So. 3d 876 (Fla. 2023) (imposing a ninety-one-day rehabilitative suspension for three counts of impugning the qualifications or integrity of members of the judiciary). Accordingly, Plaintiff argues, contacting the former counsel to locate Gouda would have been unethical and unproductive because rules regulating attorney conduct in Florida prohibit the former counsel from "contact[ing] . . . Gouda or provid[ing] Plaintiff with information to assist with

service." (Dkt. 61 at 8.) Indeed, the Florida Bar website still describes the former counsel as "[s]uspended" and "[n]ot [e]ligible to [p]ractice [l]aw in Florida." *Member Profile*, Fla. Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=116203 (last visited Mar. 13, 2025). As to Gouda's remaining arguments, Plaintiff asserts that its voluntary dismissal of Count III "leav[es] solely in rem claims" against Gouda in this action, (Dkt. 61 at 3), and that the notice of action was not defective for referring to an answer instead of written defenses, (*id.* at 8–9). In the final sentence of its response, Plaintiff requests that the court deny Gouda's motion, require him to answer the complaint, and "award[] Plaintiff its attorney[] fees and costs." (*Id.* at 9.) Plaintiff does not support this request for legal fees with any citation to factual or legal authority and does not otherwise mention attorney fees or costs in its response. (*See id. passim*.)

The magistrate judge recommends that the court construe Plaintiff's purported notice of voluntary dismissal as a motion to amend the complaint to drop Count III and grant the construed motion, deny Gouda's motion to quash and to dismiss on service grounds and order Gouda to answer the complaint, and deny the request for legal fees asserted in the final sentence of Plaintiff's response to Gouda's motion. (Dkt. 72.) As to Gouda's first argument, about Plaintiff's lack of diligence in attempting personal service on him, the magistrate judge agrees with Plaintiff that the evidence from its process servers and attorney establishes its diligence and that Plaintiff did not need to contact Gouda's former counsel given the former counsel's ongoing suspension from the practice of law in Florida. (*Id.* at 10–12.) In addressing Gouda's

second argument, the magistrate judge recognizes that although for all practical purposes Plaintiff has abandoned Count III, Plaintiff has incorrectly attempted to use Federal Rule of Civil Procedure 41(a)(1)(A)(i) to dismiss fewer than all its claims against Gouda. (Dkt. 72 at 8–9.) The magistrate judge suggests granting a construed motion to amend as a procedurally proper way of achieving Count III's dismissal. (*Id.*) The magistrate judge states that Florida law allows service by publication for Counts I and II and that "Gouda does not argue otherwise." (*Id.* at 9.) Accordingly, the magistrate judge rejects Gouda's second argument, "that service by publication was invalid for Plaintiff's failure to file an amended complaint." (*Id.* at 9–10.) The magistrate judge rejects Gouda's third argument because he "cites no legal authority supporting . . . that use of 'answer' as opposed to 'written defenses' renders the [n]otice of [a]ction defective." (*Id.* at 13.) Regarding Plaintiff's request for legal fees, the magistrate judge recommends denying "the request as improperly imbedded in [the] response to . . . Gouda's motion, and for failure to provide any legal authority demonstrating that Plaintiff would be entitled to" the fees. (*Id.* at 14 n.6.)

Gouda raises two objections to the magistrate judge's recommendation, which relate to the second and third arguments in his motion. (*See* Dkt. 73.) First, he contends that granting a construed motion to amend to drop Count III would not overcome Florida's prohibition on service by publication for an in personam action for money damages. (*Id.* at 3–5.) According to Gouda, the magistrate judge's conclusion that the amendment would "cure the otherwise invalid service of process . . . is clearly erroneous and contrary to law" because a post-service-by-publication amendment

- 8 -

amounts to an unconstitutional form of ex post facto due process, because the amendment would not relate back and even if it did, the "[r]ecommendation fails to cite any Florida case[]law permitting amendments that relate back to validate otherwise invalid service of process," and because the correct procedure is that stated in *Deutsche Bank* requiring the plaintiff to file an amended complaint dropping any request for money damages before filing a renewed motion for alternative service. (*Id.*) Aside from discussing *Deutsche Bank* and the rule on relation back, Federal Rule of Civil Procedure 15(c), Gouda does not support these contentions by citing to legal authorities. (*See* Dkt. 73 at 3–5.) Second, Gouda argues that Plaintiff's notice of action is defective for requiring an answer rather than written defenses in contradiction to Florida law. (*Id.* at 5–8.) In support of this objection, Gouda maintains that "[w]here a complaint is not being physically served along with the summons, it would be logical to conclude that a notice of action would take the place of a summons and therefore be held to" the requirements of Federal Rule of Civil Procedure 4(a)(1)(E), (Dkt. 73 at 6), and relatedly, he complains that the notice of action "wrongly tells [him] that he is not permitted to raise defenses to personal jurisdiction and service of process," (*id.* at 8). Gouda does not support these points with caselaw. (*See id.* at 5–8.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72.  With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020).  For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed.").  Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).[1]

Federal Rule of Civil Procedure 4(e)(1) generally provides that an individual in a United States judicial district "may be served . . . by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," here Florida.  Florida law

---

[1] When a party fails to "object to a magistrate judge's findings or recommendations . . . in accordance with the provisions of 28 U.S.C. § 636(b)(1)," the party "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided that "the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1.  Here, the magistrate judge's recommendation informed the parties of the time period for objecting and of the consequences for failing to object. (Dkt. 72 at 14.)  Absent "a proper objection," a waived challenge is reviewable only "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  Plain-error review "rarely applies in civil cases." *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).  When plain-error review does apply, it "require[s] a greater showing of error than in criminal appeals." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton County*, 590 U.S. 644 (2020).

authorizes service of process by publication "[w]here personal service of process . . . cannot be had," Fla. Stat. § 49.021, but limits service by publication to certain cases, Fla. Stat. § 49.011. Florida law does not allow service by publication for in personam actions seeking money damages. *See Hoffman v. Strobel*, No. 3:15-cv-110-J-32MCR, 2016 U.S. Dist. LEXIS 194906, at *3 (M.D. Fla. June 6, 2016) ("To the extent [the p]laintiffs attempt to move under Florida law . . . , it does not appear that [they] can serve [the d]efendants by publication in an action seeking monetary damages based on in personam claims."); *see also New England Rare Coin Galleries, Inc. v. Robertson*, 506 So. 2d 1161, 1162 (Fla. Dist. Ct. App. 1987) ("[W]here . . . the action is one for damages arising out of breach of contract, breach of warranty, fraud[,] and negligent misrepresentation, . . . service of process by publication, expressly limited to quite different actions and proceedings . . . , is not available to the plaintiff to procure in personam jurisdiction over the defendant.").

"[W]hen . . . constructive service is substituted . . . for personal service[,] a strict and substantial compliance with the . . . statute must be shown . . . to support the judgment . . . ." *Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Due*, 33 So. 2d 716, 718 (Fla. 1948). Sections 49.031 and 49.041 require a sworn statement from the plaintiff as a condition precedent to service by publication on a natural person. Fla. Stat. §§ 49.031, 49.041. Section 49.041 states:

> The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person, shall show:
>
> > (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set

>>forth in said sworn statement as particularly as is known to the affiant; and
>
>>(2) Whether such person is over or under the age of [eighteen] years, if his or her age is known, or that the person's age is unknown; and
>
>>(3) In addition to the above, that the residence of such person is, either:
>
>>>(a) Unknown to the affiant; or
>>
>>>(b) In some state or country other than this state, stating said residence if known; or
>>
>>>(c) In the state, but that he or she has been absent from the state for more than [sixty] days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.

"Upon a showing of insufficient service of process, [Federal Rule of Civil Procedure] 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2013 U.S. Dist. LEXIS 9646, at *5 (M.D. Fla. Jan. 24, 2013) (quotation omitted). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014).

## ANALYSIS

Plaintiff does not object to the magistrate judge's recommendation that the court

deny its request for legal fees, (*see* Dkt. 76), and the court agrees with the magistrate judge, (Dkt. 72 at 14 n.6), that the request is improperly embedded in a response rather than raised in a motion and is unsupported by citation to legal authority, (*see* Dkt. 61 at 9). *See Allied Prop. & Cas. Ins. Co. v. Dupre Logistics, LLC*, No. 3:24-cv-46-MMH-PDB, 2024 U.S. Dist. LEXIS 94525, at *1–2 (M.D. Fla. May 28, 2024) ("[A] request for affirmative relief . . . is not properly made when simply included in a response to a motion."); *see also United States v. Graham*, 123 F.4th 1197, 1249 n.15 (11th Cir. 2024) (holding that a party abandoned an issue when "he d[id] not cite any authority in support of" it). Thus, the court accepts the recommendation and denies the request.

Furthermore, although Gouda maintains that an amendment of Plaintiff's complaint to drop Count III cannot validate service by publication of the complaint, neither he nor Plaintiff disputes that the court can construe Plaintiff's purported notice of voluntary dismissal as a motion to amend and can grant the construed motion. (*See* Dkts. 73, 76.) The court agrees with the magistrate judge, (Dkt. 72 at 8–9), that granting a construed motion to amend is the proper way to dismiss Count III from this action. *See Breeding v. Integrated Behavioral Health Inc.*, No. 22-10374-GG, 2022 U.S. App. LEXIS 15731, at *2 (11th Cir. June 7, 2022) (explaining that courts "may construe an ineffective Rule 41(a) dismissal of individual claims as a dismissal under the proper procedural mechanism of Rule 15" (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004))); *see also Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("There is no mention in [Federal Rule of Civil Procedure 41(a)(1)(A)] of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—

e.g., a particular claim—while leaving a different part of the lawsuit pending before the trial court. . . . [However, t]here are multiple ways to dismiss a single claim without dismissing an entire action. The easiest and most obvious is to seek and obtain leave to amend the complaint to eliminate the remaining claim, pursuant to [Federal] Rule [of Civil Procedure] 15." (emphasis omitted)). Accordingly, the court accepts the recommendation, grants the construed motion to amend, and dismisses Count III without prejudice.

With respect to Gouda's motion to quash and to dismiss the complaint for insufficient service of process (Dkt. 58), the court agrees with the magistrate judge that the motion should be denied. (*See* Dkt. 72.) To begin with, the court finds Gouda's objections unpersuasive given the lack of caselaw and other legal authority supporting their key contentions. (*See* Dkt. 73 at 3–8.) *See Graham*, 123 F.4th at 1249 n.15. In any event, the court disagrees with those contentions.

A month before Plaintiff successfully moved for alternative service on Gouda, it effectively abandoned the only count in this case subject to Florida's prohibition on service by publication for in personam claims seeking money damages. (*See* Dkts. 46, 49, 50.) Thus, service by publication was proper. The *Deutsche Bank* court recognized as much when it cited *JPMorgan Chase Bank, N.A. v. Sun State Capital Properties, LLC*, No. 6:17-cv-110-Orl-22DCI, 2017 U.S. Dist. LEXIS 223365, at *4 (M.D. Fla. June 15, 2017), as "authorizing service by publication" when the plaintiff told the court that it would dismiss the damages count. 2022 U.S. Dist. LEXIS 62841, at *5 (S.D. Fla. Apr. 4, 2022); *see JPMorgan*, 2017 U.S. Dist. LEXIS 223365, at *4 ("[The p]laintiff advised

the [c]ourt that it would dismiss [the breach of note count against Sun State] prior to moving for summary judgment against Sun State in the event that it is only able to serve Sun State through publication.").

Further, when construing defective Rule 41(a) notices as Rule 15 motions to drop individual claims, courts in this state routinely do not require service of an amended pleading. *See, e.g.*, *Cont'l Divide Ins. Co. v. Rumba Tours, LLC*, No. 22-CV-23392-SEITZ, 2023 U.S. Dist. LEXIS 232622 (S.D. Fla. Oct. 7, 2023); *Teel v. Lozada*, No. 18-14367-CV, 2022 U.S. Dist. LEXIS 35330 (S.D. Fla. Feb. 25, 2022); *Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 6:11-cv-1905-Orl-22TBS, 2014 U.S. Dist. LEXIS 192431 (M.D. Fla. Feb. 19, 2014). Even if this court were to require Plaintiff to file an amended complaint reasserting Counts I and II and eliminating Count III, the amended complaint would relate back to the filing of the initial complaint because the amended complaint's claims—identical to the initial complaint's claims minus Count III—would "ar[i]se out of the conduct, transaction, or occurrence set out" in the initial complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

Moreover, the notice of action was not deficient for referring to an answer instead of written defenses, as these terms are similar. *See Willyerd v. Anderson*, 312 So. 2d 504, 506 (Fla. Dist. Ct. App. 1975) ("A defendant personally served with process is required to serve plaintiff with a copy of his *answer or written defenses* within twenty days after service. He is also required to immediately before or immediately thereafter file the original of such *answer or written defenses* with the clerk of the court." (emphasis added)); *see also* Fla. R. Civ. P. Form 1.900(a) ("The following forms of process, notice

of lis pendens, and notice of action are sufficient. Variations from the forms do not void process or notices that are otherwise sufficient."). Insofar as Gouda laments that the notice of action failed to advise him that he could raise defenses to personal jurisdiction and service of process under Federal Rule of Civil Procedure 12(b), (Dkt. 73 at 8), the instant motion to quash and to dismiss (Dkt. 58) indicates his awareness that he can raise such defenses.

## CONCLUSION

After undertaking an independent de novo examination of the case file and carefully considering the magistrate judge's recommendation and Gouda's objections thereto, the court agrees with the recommendation. Accordingly:

1. Gouda's objections (Dkt. 73) are **OVERRULED**.

2. The recommendation (Dkt. 72) is **ADOPTED**.

3. Plaintiff's purported notice of voluntary dismissal (Dkt. 46) is construed as a motion to amend the complaint to drop Count III and is **GRANTED** such that Count III (Dkt. 1 at 11–12) is **DISMISSED without prejudice**.

4. Gouda's motion to quash service and to dismiss the complaint for insufficient service of process (Dkt. 58) is **DENIED**.

5. Plaintiff's request for legal fees (Dkt. 61 at 9) is **DENIED**.

6. On or before March 21, 2025, Gouda shall file an answer to the complaint.

**ORDERED** in Orlando, Florida, on March 14, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record