UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE BANK OF NEW YORK
MELLON,

     Plaintiff,

v.                                                                                    Case No: 6:23-cv-2246-JSS-LHP

MICHAEL GOUDA, COMERICA
BANK, TRUIST, GREENSPOON
MARDER, P.A., and CITY OF
WINTER PARK, FLORIDA,

     Defendants.
_____/

## **ORDER**

Plaintiff's complaint names law firm Greenspoon Marder, P.A. as a Defendant that may claim a junior interest in the property at issue in this foreclosure action. (Dkt. 1 at 1–2, 7.)  However, Greenspoon Marder LLP answered the complaint, (*see* Dkt. 14), and otherwise appeared in this case as the successor to Greenspoon Marder, P.A., (*see, e.g.*, Dkt. 99 at 1 (designating an attorney as "lead counsel for *Defendant, Greenspoon Marder LLP* successor to Greenspoon Marder, P.A." (emphasis added))). Greenspoon Marder LLP and Plaintiff share New York citizenship.  (*See* Dkt. 1 at 2; Dkt. 21 at 4, 6–7; Dkt. 126 at 1–2.)  Because Plaintiff asserts diversity of citizenship as the jurisdictional basis for this case, (Dkt. 1 at 2–3), the court previously noted that whether Greenspoon Marder LLP is a Defendant in this case implicates the court's subject matter jurisdiction, and thus, the court ordered the parties to brief the

jurisdictional issues, (Dkt. 128; *see* Dkts. 129, 130, 131). In response, Plaintiff moves to dismiss without prejudice Greenspoon Marder, P.A. and its successor Greenspoon Marder LLP as Defendants pursuant to Federal Rules of Civil Procedure 21 and 41. (Dkt. 132.) Plaintiff asserts that the dismissal "would eliminate any question of diversity of citizenship." (*Id.* at 2.) Only Defendant Michael Gouda opposes the motion. (*See id.* at 3; *see also* Dkt. 130.) Upon consideration, for the reasons outlined below, the court grants the motion and dismisses Greenspoon Marder, P.A. and Greenspoon Marder LLP from this case without prejudice.

Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "'Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court,' which is 'afforded great discretion in managing its docket.'" *Weinstein v. 440 Corp.*, 146 F.4th 1046, 1052 n.2 (11th Cir. 2025) (alterations adopted) (quoting *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045–46 (11th Cir. 1986)). As relevant here, Rule 21 empowers a court to "dismiss a non[]diverse party . . . to preserve jurisdiction over the rest of the case and rescue an otherwise valid judgment." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1318 (11th Cir. 2017) (quotation omitted).

Rule 41 authorizes the court to dismiss "an action . . . at the plaintiff's request . . . on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Given the meaning of "action," the rule "allows a district court to dismiss all claims against a particular defendant." *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*,

82 F.4th 1031, 1036 (11th Cir. 2023) (emphasis omitted).  Rule 41 serves "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (quotation omitted).  "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."  *Id.* at 856–57 (emphasis omitted).  In deciding a Rule 41 motion, the court "must exercise its broad equitable discretion" to "do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  *Id.* at 857.

Plaintiff sues under Florida law to foreclose on Gouda's property.  (*See* Dkt. 1.)  As potential junior lienholders concerning the foreclosure, Greenspoon Marder, P.A. and Greenspoon Marder LLP are not required parties to this case.  *See Abdoney v. York*, 903 So. 2d 981, 983 (Fla. Dist. Ct. App. 2005) ("When a junior mortgagee is omitted as a party to the foreclosure of a senior mortgage, the lien of the junior mortgagee is unaffected by the judgment.").  They did not participate in the bench trial, (*see* Dkt. 121), and could be dismissed from this lawsuit with little consequence.  The court has considered Gouda's argument that granting Plaintiff's motion to dismiss would prejudice him and reward Plaintiff for its negligence concerning the jurisdictional issues.  (*See* Dkt. 130 at 6 ("[C]ourts have denied motions to drop non[]diverse parties to cure defects when [granting the motions] would cause prejudice, reward fault, waste resources (especially post-trial), or violate the 'time-of-filing' rule.").)  However, the

parties most affected by the requested dismissal—the Greenspoon Marder Defendants—stipulate to the dismissal. (Dkt. 129 at 3.) Further, upon considering the equities and the interests of justice in this matter, the court exercises its ample discretion, *see Weinstein*, 146 F.4th at 1052 n.2; *McCants*, 781 F.2d at 857, to grant Plaintiff's motion and thus dismisses the two Greenspoon Marder Defendants to preserve jurisdiction over the case, *see Thermoset*, 849 F.3d at 1318.

Accordingly:

1. Plaintiff's motion to dismiss (Dkt. 132) is **GRANTED**.

2. Pursuant to Rules 21 and 41, Greenspoon Marder, P.A. and Greenspoon Marder LLP are **DISMISSED without prejudice** from this case.

**ORDERED** in Orlando, Florida, on February 9, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -